[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15373
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-00204-JOF-ECS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE MERCADO LOPEZ,
a.k.a. Antonio Miranda Ramirez,
a.k.a. Arturo Ramirez,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 24, 2012)

Before HULL, FAY and EDMONDSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Juan Jose Mercado Lopez appeals his 24-month sentence for illegal reentry of a deported alien following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Lopez argues that his 24-month sentence, at the low end of his advisory guidelines range of 24 to 30 months imprisonment, is substantively unreasonable.  After review, we affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  Gall v. United States, 552 U.S. 38, 41, 128 S.Ct. 586, 591 (2007).  We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable under the totality of the circumstances.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc), cert. denied, ___ U.S. ___, 131 S. Ct. 1813 (2011) (internal quotation marks omitted).  We ordinarily expect a sentence within the guidelines range to be reasonable.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  The party challenging the sentence bears the burden of proving the sentence is

2

unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.  Id.[1]

Lopez does not argue procedural error at his sentencing.[2]  Instead, Lopez contends the district court should have varied downward from the advisory guidelines range because his criminal history category IV under the guidelines over-represented his criminal history, and because he came to the United States only to support his family and vowed never to return again.

Lopez has not shown that the district court's refusal to vary downward was an abuse of discretion.  Lopez, a citizen of Mexico, was previously deported from the United States three times, in June 2003, August 2003 and June 2005.  After Lopez's June 2003 deportation, he illegally reentered the country eight days later, where he was apprehended by U.S. border patrol agents.  After his August 2003

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

[2] At sentencing, Lopez raised several objections to the PSI's guidelines calculations and sought a downward departure under U.S.S.G. § 4A1.3(b) based on an over-represented criminal history.  On appeal, however, Lopez does not argue that the district court erred in calculating his advisory guidelines range.  To the extent Lopez challenges the denial of his downward departure request, Lopez does not contend that the district court mistakenly believed he lacked authority to depart, and we lack jurisdiction to review the discretionary denial of a downward departure.  See United States v. Norris, 452 F.3d 1275, 1282 (11th Cir. 2006).

deportation, Lopez illegally reentered six-months later, in February 2004. The district court stated that the speed with which Lopez illegally reentered indicated that Lopez thought "it is all a game" and what he was doing was not "anything serious." Notably, Lopez's most recent deportation in June 2005 occurred after he was convicted of illegal reentry in the Southern District of Illinois and served a thirteen-month sentence. This thirteen-month sentence clearly did not deter Lopez given that, by his own admission, he was back in the United States by 2009.

Moreover, while in this country, Lopez committed several crimes apart from his felony immigration offense, including battery, felony theft by shoplifting and two separate convictions for driving under the influence. The district court rejected Lopez's argument that his crimes were not as serious as his criminal history category IV suggested. The district court stated that although Lopez's crimes were ones that "we tend to not think seriously about," they nonetheless were serious crimes, and "the pattern of [Lopez's] behavior is such that [the court] can't see a case for leniency in [Lopez's] situation." Under the totality of the circumstances, we cannot say the district court's 24-month sentence, at the low end of the advisory guidelines range, was an abuse of discretion.

**AFFIRMED.**

4